IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| **MINNIE V. BRANDON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 08-0706-CV-W-GAF** |
| | ) | |
| **CARLOS R. MEDINA and** | ) | |
| **STATE FARM MUTUAL** | ) | |
| **AUTOMOBILE INSURANCE** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Pending before the Court is Plaintiff Minnie V. Brandon's ("Plaintiff") Motion in Limine for Determination of Value of Medical Treatment. (Doc. #37). Plaintiff requests that the Court find the reasonable value of medical treatment she received due to an accident to be the amount billed, $44,000, rather than the amount paid in full satisfaction of the medical bills, $15,000. *Id.* She also contends Defendant State Farm Mutual Automobile Insurance Company ("Defendant") should be precluded from introducing evidence of the amount actually paid. *Id.* Plaintiff submits supporting affidavits stating the amount charged, not the amount paid, is the reasonable value of the treatment rendered. *Id.*

Mo. Rev. Stat. § 490.715(2) provides as follows:

In determining the value of the medical treatment rendered, there shall be a rebuttable presumption that the dollar amount necessary to satisfy the financial obligation to the health care provider represents the value of the medical treatment rendered. Upon motion of any party, the court may determine, outside the hearing of the jury, the value of the medical treatment rendered based upon additional evidence, including but not limited to:

1

(a) The medical bills incurred by a party;

(b) The amount actually paid for medical treatment rendered to a party;

(c) The amount or estimate of the amount of medical bills not paid which such party is obligated to pay to any entity in the event of a recovery.

Notwithstanding the foregoing, no evidence of collateral sources shall be made known to the jury in presenting the evidence of the value of the medical treatment rendered.

Plaintiff apparently concedes that the medical bills were fully satisfied with payment of $15,000 and no possibility of further liability on those bills exists for any party or entity. Even if Plaintiff's evidence does rebut the presumption of Mo. Rev. Stat. § 490.715(2), the statute simply provides that a court may consider additional evidence to determine the reasonable value. Here, despite considering Plaintiff's additional evidence, the Court finds the reasonable value of the medical treatment received was the amount paid to satisfy the financial obligations and the evidence presented to the jury will thus be limited to the $15,000 amount.

**IT IS SO ORDERED.**

                                                s/ Gary A. Fenner
                                                Gary A. Fenner, Judge
                                                United States District Court

DATED: April 22, 2009